People *v.* Elyea.

Rehearing denied.

---

## THE PEOPLE *v.* ELYEA.

IN a criminal case, proof of statements made by defendant must be by the witness himself, and not by a written memorandum made by him at the time, which he says is correct.

The *indicium* of color is not an infallible test of the competency of a witness, under the Act excluding blacks, mulattoes, and Indians, from testifying for or against white persons.

It may be a sufficient test in many cases, but only when it is so decided as to leave no doubt of the race to which the witness belongs—as a negro, or Indian.

*People* v. *Hall*, (4 Cal. 399,) affirmed. But it cannot be presumed that all persons having tawny skins are within that case.

APPEAL from the Fifth District.

*L. Sanders, Jr.* for Appellant.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

The defendant was convicted of murder in the first degree, and the errors assigned relate to the proceedings at the trial.

1. The first point made is, that the Court below erred in the instructions given to the jury. It is not stated in what particular the instructions were erroneous, nor does it appear that they were objected to at the trial. So far as the record is concerned, we are authorized to conclude that they received the assent and approval of the defendant. There is, however, no doubt of their correctness. They were confined to a definition of the offense of murder, given nearly in the language of the statute, and a few simple directions to the jury in relation to their verdict, in which there was no error.

2. The second point is, that a witness for the prosecution was permitted to testify to a particular statement of the defendant, without being allowed to speak of other statements made by him at the same time. This point has no foundation in the record. The counsel here has evidently mistaken the point of the exception in the Court below. The question there, was not whether these statements were admissible, but whether it was competent to prove them by a written memorandum made by the witness at the time, and which he stated to be correct. The Court very properly decided that this paper could not be given in evidence, and to that decision, and to that alone, the defendant excepted.

3. The third and only remaining point is, that the Court erred in permitting one Martin to be examined as a witness. It is claimed that he was incompetent under the provisions of our statute precluding negroes and Indians from testifying either for or against a white person. The objection to his competency is based upon his color, and the fact that he is a native of Turkey, and was born of Turkish parents. It is incumbent upon the party alleging a disability of this character to prove it by clear and indubitable evidence. This we conceive has not been done in the present case. The *indicium* of color cannot be relied upon as an infallible test of competency under the statute. It may be a sufficient test in many cases, but only when it is so decided

as to leave no doubt of the particular race to which the witness belongs. If a negro should offer to be sworn, he could be rejected upon the sole evidence of his color. So with an Indian, and so with persons of mixed blood who are obviously within the rule of exclusion. But the color is a mere fact to be received in evidence as tending to establish the conclusion of competency or incompetency, and if alone it is sufficient for that purpose, nothing further is required.

The questions embraced in the decision of this Court in the case of *The People* v. *Hall,* (4 Cal. 399,) must be regarded as settled, but we cannot presume that all persons having tawny skins and dark complexions are within the principle of that decision. The statute itself, after declaring that no black or mulatto person, or Indian, shall give evidence, etc. provides that persons having one-eighth or more of negro blood, shall be deemed mulattoes, and persons having one-half of Indian blood, shall be deemed Indians, thus rendering impossible the adoption of any rule of exclusion upon the basis of mere color. We have, in this case, the additional facts of the birthplace and parentage of the witness. But these facts, if material at all, are rather against, than for, the defendant; for, although the population of Turkey is made up, in some degree, of several distinct types of the human race, the Caucasian largely predominates, and constitutes the controlling element.

The judgment of the Court below is affirmed, and that Court will designate a day to carry its sentence into execution.